# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**CADLES OF GRASSY MEADOWS II, LLC,**

           **Plaintiff,**

-vs-                                              Case No. 2:07-mc-10-FtM-99DNF

**RONALD J. SWIFT,**

           **Defendant.**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      On February 21, 2007, the Plaintiff, Cadles of Grassy Meadows II, LLC registered a foreign Judgment from the Northern District of Illinois, Eastern Division. The Judgment was entered in favor of Resolution Trust Corporation[1] and against the Defendant, Ronald J. Swift in the amount of $407,460.83. The Plaintiff filed a Motion to Compel and for Sanctions (Doc. 6) requesting that the Defendant be compelled to respond to a Request for Production. No response was filed to the Motion, and the Court entered an Order (Doc. 7) on May 23, 2007, requiring the Defendant to respond to the

---

[1] Resolution Trust Corporation assigned the Judgment to JDC Finance Company II, L.P., who assigned the Judgment to Value Recovery Group, Inc., who assigned the Judgment to The Cadles Company, who assigned the Judgment to Cadles of Grassy Meadows II, L.L.C. (See, Doc. 2).

outstanding discovery. On June 21, 2007, the Plaintiff filed a Motion for Sanctions requesting that sanctions be entered against the Defendant for failing to comply with the Order (Doc. 7) and failing to respond to the Request for Production. Hearings on Orders to Show Cause were held on August 8, 2007, and September 5, 2007, requiring the Defendant to appear and show cause why sanctions should not be entered against him for failing to comply with the Court's Order (Doc. 7) of May 23, 2007. Mr. Swift failed to appear for both the hearings. The Plaintiff is requesting that the Defendant be brought before the Court and be required to respond fully to the Request for Production.

The Plaintiff is requesting that the Court enter sanctions against the Defendant. Pursuant to 28 U.S.C. §636(e)(6), this Court may certify facts to the District Court when the magistrate judge considers an act by the party to constitute civil contempt. The magistrate judge

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

In the instant case, the Defendant, Ronald J. Swift failed to produce documents, and failed to appear at Court hearings when required. Pursuant to 28 U.S.C. 636(e), this Court hereby certifies these facts to the District Court and respectfully recommends that the District Court grant the Motion for Sanctions (Doc. 8) and issue a warrant for the arrest of the Defendant, Ronald J. Swift so that he will appear before the District Court to show cause why he should not be adjudged in contempt of court by reason of these facts so certified.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___10th___ day of September, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record