```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

CADLES OF GRASSY MEADOWS II,
L.L.C.,

                      Plaintiff,

vs.                                    Case No.   2:07-cv-731-FtM-29DNF

RONALD J. SWIFT,

                      Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #13), filed September 10, 2007, recommending that the Motion for Sanctions (Doc. #8) be granted and the Court issue a warrant for the arrest of defendant Ronald J. Swift to appear and show cause why he should not be adjudged in contempt.  On September 19, 2007, defendant filed a *pro se* letter objection (Doc. #14) indicating a lack of knowledge stating that he would provide "the limited documentation regarding my existence."  Upon direction by the Court, Doc. #15, plaintiff filed a Response (Doc. #16) indicating that defendant produced some documents along with a letter indicating he had no other documents.  The case was subsequently transferred to the civil docket and randomly assigned to the undersigned as the presiding judge.[1]

---

[1]The case was previously assigned the miscellaneous case
(continued...)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

The Magistrate Judge held two show cause hearings, which required defendant's appearance, and he failed to appear at both

---

[1](...continued)
number of 2:07-mc-10-FTM-34DNF.

hearings.  Additionally, the Magistrate Judge certified that defendant failed to produce documents such that the motion for sanctions should be granted.  In light of the objection and the response indicating some compliance, and in accordance with 28 U.S.C. § 636(b), the undersigned will recommit this matter to Judge Frazier for a determination of whether the Motion for Sanctions is now moot and the issuance of a supplemental report and recommendation, if appropriate.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #13) is **taken under advisement.**

2.  The matter is **RECOMMITTED** to Magistrate Judge Douglas N. Frazier to determine whether the Motion for Sanctions (Doc. #8) is moot and to issue a supplemental report and recommendation, if necessary, regarding the appropriate resolution of the motion.

**DONE AND ORDERED** at Fort Myers, Florida, this   26th   day of November, 2007.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties